FIRST NATIONAL BANK OF EASTERN NORTH CAROLINA v.
L. D. BLACK AND WIFE, ELMA B. BLACK

No. 7011DC446

(Filed 30 December 1970)

Guaranty; Bills and Notes § 20— action against guarantors — terms of the guaranty — dismissal of action

In a bank's action against guarantors who promised the payment of such portion of a loan as the debtor "is unable to pay at maturity,"

the guarantors are entitled to a dismissal of the action upon the failure of the bank to prove what portion of the loan the debtor was unable to pay at maturity. G.S. 1A-1, Rule 41(b).

APPEAL by defendants from *Lyon, District Court Judge,* 9 March 1970 Session, HARNETT County District Court.

On 2 November 1965 Elwood B. Barefoot (Barefoot), husband of male defendant's sister, executed to the Bank of Lillington, with a chattel mortgage as security, a note in the sum of $3,861.16 due on 1 November 1966. The Bank of Lillington later merged with plaintiff bank.

The Barefoot note was not paid at maturity and on 31 March 1967 defendants executed a paper writing as follows:

"March 31, 1967

Time Payment Department
Bank of Lillington
Lillington, N. C.

In consideration of your agreeing to withdraw your demand for payment in full on your T/P Loan #5828, from the maker—Elwood B. Barefoot—until the maturity date of November 1, 1967, at which time the balance of $2,800. will be due, we guarantee the payment of such portion of this loan as Mr. Elwood Barefoot is unable to pay at maturity.

Witness our hands and seals, this the day and date above written.

/s/ L. D. Black (SEAL)
/s/ Elma B. Black (SEAL)"

Again on 1 November 1967 the Barefoot note was not paid. Mr. Black, one of defendants, requested and received permission from plaintiff to sell the car included in the chattel mortgage for the purpose of applying the proceeds on the Barefoot note. The car was accordingly sold and the proceeds applied on the note. On 8 July 1968 plaintiff instituted a civil action against Barefoot on the note and secured a judgment on 17 April 1969 for the sum of $2,083.77, plus interest and costs.

Mr. Black was in possession of a tractor and equipment which was included in the Barefoot chattel mortgage to plaintiff. This tractor and equipment was sold for $850.00 and the proceeds applied on the judgment against Barefoot. Thereafter

execution was issued on the judgment against Barefoot, but it was returned unsatisfied.

Plaintiff made demand upon defendants for payment of the balance due on the note, but defendants failed to pay. Plaintiff instituted this action against defendants to recover judgment for the balance of said Barefoot note.

The case was tried in the District Court before Judge Lyon without a jury. Judge Lyon made findings of fact and entered judgment in favor of plaintiffs and against defendants for the sum of $1,333.77, plus interest from 19 May 1969, and for the costs. Defendants appealed.

*Edgar R. Bain for plaintiff.*

*Woodall, McCormick & Arnold, by Edward H. McCormick for defendants.*

BROCK, Judge.

The crux of defendants' appeal is the interpretation of the agreement allegedly signed by defendants. It is defendants' contention that the terms of the agreement only call upon them to pay such portion of the loan as Barefoot *is unable to pay at maturity.* They contend, therefore, that the burden was upon plaintiff to prove what portion of the loan Barefoot was unable to pay on 1 November 1967; and upon plaintiff's failure to offer evidence on this question, defendants were entitled to a judgment of dismissal at the close of plaintiff's evidence.

The only evidence of Barefoot's ability to pay the indebtedness is plaintiff's evidence that at sometime after 17 April 1969 execution was issued and returned unsatisfied; this was at least seventeen months after maturity of the note. The record on appeal is absolutely devoid of evidence of Barefoot's ability to pay on 1 November 1967, the date of maturity. In our opinion defendants' motion to dismiss at the close of plaintiff's evidence should have been allowed.

It is interesting to note that during oral argument counsel for plaintiff and counsel for defendants stated that an official of the bank drafted the guaranty agreement.

The judgment appealed from is reversed and this cause is remanded to the District Court of Harnett County for entry of judgment of dismissal under G.S. 1A-1, Rule 41(b).

Reversed and remanded.

Judges MORRIS and GRAHAM concur.